Catherine L. Finnegan
vs.  No. 75393.
United Electric Railways Co.

December 29, 1931.

CHURCHILL, J. Motion for a new trial after verdict for the plaintiff for $2,000.

The accident happened in Riverside on September 24, 1927, about 9:30 o'clock in the evening. The plaintiff was a passenger in an automobile driven by her husband which came into collision with an electric car on Bullocks Point avenue south of the bridge over the tracks of the New Haven Road and somewhere in the vicinity of Washington avenue, which runs into Bullocks Point avenue from the west. Between the bridge and Washington avenue the tracks of the defendant curve to the east across the macadam surface of Bullocks Point avenue. The electric car was proceeding south and the automobile was going north.

The evidence is undisputed that the left rear portion of the automobile was in collision with the front of the electric car. The testimony concerning the other circumstances surrounding the accident is in a state of irreconcilable conflict. The plaintiff and her husband testified that there was much traffic on Bullocks Point avenue at the time of the accident; that there were cars directly in front and cars directly in the rear of them when they came to the crossing at a point where the tracks cross over the macadam and curve towards the east.

The plaintiff, who was sitting in the rear seat of the automobile, testified that she saw the electric car some time before the accident and then saw it again when it was close to the automobile; that it was swaying from side to side, and that at the time the motorman was not looking ahead but was looking down or to one side and not giving his attention to the road in front, and that immediately thereafter the collision occurred.

The motorman denied all this and was corroborated in his denial by a passenger who stood near him in the front vestibule. Other witnesses testified that there was scarcely any traffic on Bullocks Point avenue at the time of the accident.

The testimony given by the plaintiff was somewhat weakened by her contradictory testimony as to where the accident took place. She stated at one time, in cross-examination, that it took place south of Washington avenue and at another time that it took place at what she described as the crossing. The motorman and other witnesses testified that the accident took place south of the crossing, but the motorman also testified that the automobile commenced to cross the track when it was from 25 to 40 feet away. A passenger on the car testified that the automobile turned suddenly in front of the electric car.

On the issue of contributory negligence the verdict is sustained by the evidence. The plaintiff, an invited guest, had no control over the operation of the automobile and did not attempt to exercise any. Whether her action or lack of action, just previous to and at the time of the accident, was

consistent with due care for her own safety was a fair question for the jury.

On the issue of negligence, the evidence is in such a state that it was an issue for the jury. For the Court to say that the verdict was against the weight of the evidence on the record as it stands would be to substitute the judgment of the Court for that of the jury. This is a case where the Court ought not so to do.

> Somerset Realty Co. vs. Shapiro, 51 R. I. 417.

The damages are excessive. The plaintiff received cuts on her face and hands which soon healed. Her right leg was bruised and swollen and she complained to her physician of pains in her back. On the weight of the evidence it appears that she was confined to her bed for two weeks. She testified she was unable to do her work for six weeks but it does not appear that she was obliged to have more than casual assistance in the carrying out of her household duties after she was able to be about. There was testimony that her nervous system was somewhat affected but the neurasthenia was not of a serious character. There were no permanent injuries. A verdict of $2,000 is clearly excessive and does not do justice between the parties.

Defendant's motion for a new trial is granted, and in justice to the defendant is granted generally on all the issues.

For plaintiff: Lee & McCanna.

For defendant: Clifford Whipple, Earl Sweeney.